# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARTA HERNANDEZ-CORTEZ,

Petitioner,

v.

CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 3:26-cv-02423-RBM-VET

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

On April 16, 2026, Petitioner Marta Hernandez-Cortez ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  For the reasons set forth below, the Petition is **GRANTED IN PART**.

## I.    BACKGROUND

Petitioner, a native and citizen of El Salvador, entered the United States without inspection in or around December 2009.  (Doc. 1 ¶¶ 1, 26–28.)  Since her entry, Petitioner "remained undetected at the time of entry and has resided continuously in the United States for more than seventeen years, during which she established deep family, economic, and community ties."  (*Id*. ¶ 1.)

On January 23, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") officers "during a worksite enforcement operation in Pittsburgh, Pennsylvania."  (*Id*. ¶ 30)  Petitioner requested a custody redetermination hearing before

an immigration judge ("IJ"), and on April 3, 2026, an IJ denied Petitioner release on bond based on lack of jurisdiction. (*Id.* ¶¶ 3, 32.)  The IJ relied on *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025), and found that "Petitioner's entry without inspection rendered her an 'applicant for admission' subject to mandatory detention under INA § 235(b) . . . ." (*Id.*)  Petitioner remains detained at the Otay Mesa Detention Center.  (*Id.* ¶¶ 12, 31.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner claims her immigration detention without a meaningful individualized custody determination violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 41–53.)  Respondents "acknowledge[ ] prior orders from this District directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases" and "do not oppose an order from this Court directing a bond hearing be held." (Doc. 6 at 1–2.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners,[1] the Court finds that Petitioner is detained under 8 U.S.C.

---

[1] *See Rodriguez v. LaRose*, Case No.: 3:25-cv-02940-RBM-JLB, 2025 WL 3456475, at *5 (S.D. Cal. Dec. 2, 2025); *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM DDL, 2025 WL 3512410, at *1 (S.D. Cal. Dec. 8, 2025); *Hernandez Flores v. LaRose*,

§ 1226(a) and her "arrest and detention without a meaningful bond hearing [therefore violated] the Due Process Clause." *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing). While Petitioner seeks her immediate release (*see* Doc. 1 ¶ 7; Doc. 7 at 2–3), the Court finds it appropriate to hold a bond hearing under § 1226(a) to determine the conditions of her potential release. Accordingly, the Court finds that Petitioner is entitled to a bond hearing. *See N.A.*, 2025 WL 3512412, at *5 (concluding "due process requires [the petitioner] receive a bond hearing under § 1226.").

## IV.   **CONCLUSION**

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**. To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. The Government is **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within fourteen (14) days** of the entry of this Order, unless the noncitizen requests a continuance.

2. At the bond hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that the noncitizen poses a danger to the community or a risk of flight.

3. The Government **SHALL NOT** deny the noncitizen's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

4. If the bond hearing is not conducted within ten days of the entry of this Order, the Government shall release the noncitizen from custody until it is determined that his detention is warranted under § 1226(a).

---

Case No.: 3:25-cv-03023-RBM-DDL (S.D. Cal. Nov. 25, 2025), ECF No. 8 at 6–8.

3:26-cv-02423-RBM-VET

5. The Gsovernment **SHALL FILE** a status report on or before June 19, 2026 indicating whether and when Petitioner received a bond hearing and the results of such hearing.

**IT IS SO ORDERED**.

DATE: June 3, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4

3:26-cv-02423-RBM-VET